**Dorman George HELTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1971.

Rehearing Denied March 17, 1972.

Hiram Brock, Jr., Cawood Smith, Harlan, for appellant.

John B. Breckinridge, Atty. Gen., Laura L. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

On May 18, 1970, an automobile driven by the appellant collided head on with a car operated by Mrs. Illa Bussell Fisher, resulting in Mrs. Fisher's death. Appellant was indicted, tried, and convicted for al-

leged violation of KRS 435.022(1), involuntary manslaughter in the first degree. The jury imposed a penalty of imprisonment for a term of fifteen years, the maximum permitted by the statute.

In seeking reversal of the judgment of conviction, the appellant relies upon two charges of trial error: (1) A change of venue was improperly denied, and (2) the jury selection was irregularly achieved.

The trial court conducted an evidentiary hearing on appellant's motion for change of venue. At the conclusion of that hearing, the trial judge expressed his finding that the appellant could obtain a fair trial in Harlan County. The judge further observed that a good-faith effort would be made to obtain a jury composed of residents of Harlan County, failing which veniremen would be sought from an adjoining county.

 At the change-of-venue hearing six witnesses testified for the Commonwealth and two for the accused. There was a showing of substantial news coverage of the accident just after its occurrence in May 1970. The trial was not held until March 1971, and there was no showing that the accident had remained in the focus of public attention longer than a few days after it happened. The trial court is necessarily vested with judicial discretion in disposing of a motion for change of venue. The appellant, though citing some decisions of this court dealing with change-of-venue motions in civil cases, has failed to demonstrate that the trial court abused its discretion in denying the motion for change of venue. See Garr v. Commonwealth, Ky., 463 S.W.2d 109; Hurley v. Commonwealth, Ky., 451 S.W.2d 838. It is observed that no record was brought here pertaining to the voir-dire examination of the veniremen. So far as appears of record, there was nothing developed during the voir-dire examination which would lend support to appellant's contention that an unbiased jury was unobtainable from Harlan County.

 The second asserted error relates to claimed irregularity in selection of the jury. When the regular jury panel was exhausted without obtaining a jury, the court went to the wheel and drew the names of forty-five additional veniremen. RCr 9.30; KRS 29.135(5). A jury was not obtained from the group, so an additional twenty names were drawn from the wheel. It appears that only eight of the twenty persons appeared. Apparently, the court caused the clerk to place *nine* names in the jury box, although only eight persons actually appeared in court. There is no showing that the name of the absent person was drawn from the box. In fact, there is nothing of record to suggest in what manner the appellant's substantial rights were affected by this claimed irregularity. No error appears; certainly no prejudicial irregularity is presented. There is no merit in the asserted ground of error. RCr 9.24.

The judgment is affirmed.

All concur.